# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL JOSH ROBERTS, JR.,<br>    Plaintiff,<br>  v.<br><br>THE DEPARTMENT OF<br>CORRECTIONS, ET AL.,<br>    Defendants. | No. 1:20-CV-01249<br><br>(Judge Rambo) |

## MEMORANDUM OPINION

### I.  BACKGROUND

Plaintiff Earl Josh Roberts, Jr. filed *pro se* civil rights action pursuant to 42 U.S.C. s 1983, while confined at the State Correctional Institution at Retreat in Hunlock Creek, Pennsylvania.  (Doc. 2.)  This matter was originally filed in the U.S. District Court for the Eastern District of Pennsylvania, which transferred the civil action to this Court due to events giving rise to the complaint having occurred in this district.  (Doc. 5.)  Upon receipt of the petition in this district, the Court issued its standard *pro se* letter as well as an administrative order directing Plaintiff to either pay the filing fee or to submit an application to proceed *in forma pauperis*.  (Docs. 7, 8.)  Since then, the Court's attempts to communicate by mail with him have been returned as undeliverable and marked "Return to Sender" and "Unable to Forward." (*See* Docs. 9, 10.)  It appears that Plaintiff no longer resides at his address of record.

1

## II.     DISCUSSION

Middle District of Pennsylvania Local Rule 83.18 provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the court of the litigation.  Plaintiff was advised of this obligation in the *pro se* letter issued by the Court, which provides that "*Pro Se* plaintiffs and petitioners are advised that they have an affirmative obligation to keep the court informed of his or her current address.  If the plaintiff/petitioner changes his or her address while the lawsuit is being litigated, the plaintiff/petitioner shall immediately inform the court of the change in writing."[1]  (Doc. 7.)  Although Plaintiff has apparently relocated from SCI Retreat, he has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18, and the Court is unable to discern where Plaintiff may be located.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  Plaintiff's present whereabouts are unknown, and he has not communicated with the Court since he first filed the

---

[1] Plaintiff received a similiar "Notice of Guidelines for Representing Yourself," issued by the Eastern District of Pennsylvania, which requires a *pro se* litigant to notify the Court of any change of address within fourteen (14) days.  (*See* Doc. 3.)

petition. Plaintiff's failure to provide his current address has prevented the Court from communicating with him and this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this matter to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. *See Poulis v. State Farm*, 747 F.2d 863, 868-69 (3d Cir. 1984).

### III.   CONCLUSION

For the foregoing reasons, this Court will dismiss this action for failure to prosecute. In the event that Plaintiff provides the Court with his current address within a reasonable period of time, this determination may be reconsidered.

An appropriate Order follows.

s/Sylvia H. Rambo
United States District Judge

Dated:  September 3, 2020